2010 MAY 17 P 3:20

ANDREW D. TAYLOR, ESQ.
Nevada Bar No. 008688
**LAW OFFICES OF ANDREW D. TAYLOR**
3841 West Charleston Boulevard, Suite 201
Las Vegas, Nevada 89102
(702) 258-3005 (tel)
(702) 258-3457 (fax)
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF OREGON, an Oregon corporation<br><br>Plaintiff,<br>vs.<br><br>BRAD HOPKINS, a Nevada resident; DOES I through X, inclusive, and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:10-CV-00067-RCJ-PAL<br><br>**DEFENDANT BRAD HOPKINS' MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT, THEREOF** |

Defendant BRAD HOPKINS (hereinafter Mr. Hopkins), through his undersigned counsel, respectfully moves this Court to dismiss this action pursuant to Rule 12(h)(3) and Rule 12(b)(7) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.). The grounds for this motion is that the complaint, lacks subject matter jurisdiction, is not ripe, and that the Plaintiff has failed to join a necessary and indispensible party. This motion is based upon the papers and pleadings filed in this action and the accompanying memorandum of law.

///

///

## INTRODUCTION

Plaintiff would have this court believe that this case is a simple policy read, and that because FARMERS has paid for an underlying claim, they are free and clear and have no more obligations to their insured. In addition, FARMERS attempts to stand in the shoes of Chrysler LLC, or in the shoes of the bankruptcy trustee, and litigate on their behalf without standing or legal basis for same.

In addition to failing to pass the threshold requirement of standing, this case is not Declaratory Action material: there may not be merely one contract in play. Based upon an agreement between the Plaintiff and Mr. Hopkins, FARMERS promised to take upon additional responsibilities. In their Complaint for Declaratory Judgment, FARMERS has completely ignored this verbal agreement that was put into writing. This agreement may be viewed as a separate contract, as an addendum to the existing policy, a modification of the terms in the policy with respect to retaining Mr. Hopkins' vehicle, and so forth.

Because the Plaintiff is an insurer, FARMERS has additional special duties and obligations based upon Nevada statutes, Nevada regulations, and under Common Law to protect its insured. FARMERS has cited brief sections of Mr. Hopkins' policy, but only fragments. FARMERS does not cite an integration clause, or does not provide the complete policy that may contain specific language outlining potential additional obligations.

## BACKGROUND

Brad Hopkins was in an automobile accident on January 6, 2009. At that time, Mr. Hopkins was driving his 2002 Dodge Dakota pickup truck westbound on Spring Mountain Road in the No. 3 travel lane. As Mr. Hopkins approached Westwind Road, Barretto Ursal – driving a 2004 Honda Civic – attempted to turn right from southbound Westwind onto westbound Spring Mountain. Mr.

Mr. Hopkins' pickup truck left 74 feet of pre-impact skid marks. Additionally, the airbags in the pickup failed to deploy.

Mr. Hopkins has been disabled since the date of the accident and thus unable to work. His settlement funds have now been exhausted and he cannot even afford his pain medication, let alone the major surgery which his physicians have recommended.

On January 14, 2009, FARMERS was put on notice of a potential product liability claim against Chrysler Motor Corporation because the airbags in Mr. Hopkins' vehicle failed to deploy. ***[See Exhibit 1]*** At that time, Defendant's counsel requested that FARMERS not damage, destroy or sell Mr. Hopkins' vehicle during the pendency of the claim and/or lawsuit. FARMERS agreed to secure the vehicle and confirmed same in a letter dated April 6, 2009. ***[See Exhibit 2]*** Throughout the course of the next eleven months, during several follow-up phone calls with the adjuster handling the claim, Mr. Drew Christmon, Defendant's counsel made sure the subject vehicle was to remain secure until inspections were to be completed by all of the parties. Mr. Hopkins was assured that the vehicle would be preserved and held by FARMERS. The Defendant's counsel retained an accident reconstructionist and biomechanical expert to inspect the vehicle in preparation for our claim against Chrysler Motor Corporation. On October 29, 2009, Mr. Christmon confirmed that the vehicle had been sold at auction to an individual in Tijuana, Mexico and that an attorney at FARMERS, "Andy" gave approval for the sell.

Defendant's counsel sent a demand letter to FARMERS on December 7, 2009, demanding compensation for Mr. Hopkin's loss. Thereafter, Plaintiff filed the instant Complaint (for Declaratory Judgment), requesting that this Court make specific determinations regarding the FARMERS' policy,

their contractual obligations, claims regarding Chrysler, and "any contractual obligations owed by Farmers to the Defendant," and for attorneys' fees.

## ARGUMENT

### A. Legal Standard and Scope of Review

Standing is the most fundamental Constitutional requirement for a case to be heard by the in Federal Court, and is based in Article III of the United States Constitution. Lack of standing is a defect in subject-matter jurisdiction and may properly be challenged under Rule 12(b)(1). See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).

Article III requires federal courts to adjudicate only cases and controversies. Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). "The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1462 (3d Cir.1994). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Allen V. Wright at 750-51, 104 S.Ct. 3315 (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). In general terms, "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." Id. at 752, 104 S.Ct. 3315.

The Declaratory Judgment Act, 28 U.S.C. § 2201, grants this Court power to grant declaratory relief. It reads, in pertinent part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration...."28 U.S.C. § 2201(a) (1994). The Declaratory Judgment Act applies only to "a case of actual controversy," thereby incorporating the Article III requirement that a federal court entertain only "cases or controversies." An "actual controversy" in this sense must be ripe for adjudication.

///

///

**B. FARMERS Claims Are Not Ripe**

As noted above, part of the standing requirement is an inquiry into whether a "..particular plaintiff is entitled to an adjudication of the particular claims asserted..." Id. One aspect of justiciability is ripeness which "determines when a proper party may bring an action." Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1154 (3d Cir.1995) (quoting Armstrong, 961 F.2d at 411). The ripeness doctrine is to prevent courts "through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs v. Gardner, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In addition, it is presumed that "federal courts lack jurisdiction unless the contrary appears affirmatively from the record." Renne v. Geary, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) (internal quotations marks and citations omitted). It is FARMERS's obligation to clearly allege facts that invoke the court's jurisdiction. See Id.

In Abbott Labs, the Supreme Court established a two-part test for determining whether a declaratory judgment is ripe. Accordingly, the court should consider (1) "the fitness of the issues for judicial decision," and (2) "the hardship to the parties of withholding court consideration." 387 U.S. at 149, 87 S.Ct. 1507; Texas v. United States, --- U.S. ----, ----, 118 S.Ct. 1257, 1260, 140 L.Ed.2d 406 (1998).

a) Fitness for Review

Under a fitness for review inquiry, this court should consider "whether the issues presented are purely legal, as opposed to factual, and the degree to which the challenged action is final. The various factors that enter into a court's assessment of fitness include: whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is bound up in the facts; and whether the parties to the action are sufficiently adverse. See Riva v. Massachusetts, 61 F.3d 1003, 1009-10 (1st Cir.1995)." Philadelphia Federation of Teachers, American Federation of Teachers, Local 3, AFL-CIO v. Ridge, 150 F.3d 319 (C.A.3 (Pa.), 1998)

In the case at bar, FARMERS has encouraged this Court to look merely at pieces of a contract and requests that this Court determine that (1) FARMERS has fulfilled its obligaions under the policy, (2) that FARMERS owes no further contractual obligations to the Defendant arising out of the

policy, (3)that any contractual obligations owed by FARMERS to the Defendnat, if any, are not based upon the insurer-insured relation created by the Policy.

FARMERS agreed to keep Mr. Hopkins' vechicle in writing, knowing of the anticipated litigation, and decided to sell the vehicle. This litigation would have between Chrysler and Mr. Hopkins. However, as FARMERS failed to keep the vehicle after numerous verbal and written assurances, it seems clear that Mr. Hopkins will be pursing FARMERS for sabotaging his product liability claim. Although he has not filed suit as of yet, the filing of a suit is a contingent event that may not occur. Mr. Hopkins' health may deterioate further. He may change his mind. Pursuing a bankruptcy trustee for Chrysler may be more than Mr. Hopkins is ready for.

One of the primary issues is whether the verbal agreement, which was reduced to writing, presents many issues: (1) whether the agreement is a contract that implicates the policy, (2) whether the agreement can be viewed as part of the policy, (3) whether the agrement may be viewed as an addendum to the policy, (4) whether the agreement is a separate agreement that can be viewed as a FARMERS agreement, (5) whether the agreement is one between the indiviual who worked at FARMERS and Mr. Hopkins, (6) whether FARMERS obligations as an insurer and their higher duty is by statute, regulation, common law, and/or implicated in parts of the policy not included in the Complaint, (7) whether FARMERS has acted in bad faith, by selling the vehicle, knowing of impending litigation and whether that bad faith claim rests on the policy, on an independent claim, or by statute, (8) whether FARMERS obligation for good faith and fair dealing extends beyond the text of the policy and applies to one who holds a policy with them, (9) whether FARMERS must cover all defense costs regardless of the actual limit of coverage, which includes storing the vehicle that FARMERS sold, knowing of the impending litigation, and so forth.

Clearly, the claim for Declaratory Relief that FARMERS seeks is tightly bound to the facts of this case, and that contract issues must first be determined before any pure issues of law may be reviewed.

FARMERS was Mr. Hopkins' insurance company; but now as they have sabatogued his personal injury claim, the parties are cleary adverse.

b) Hardship to the Parties of Withholding Court Consideration

The second ripeness prong focuses on any hardship that may occur if this Court denies judicial review. The determination whether such hardship is recognizable turns on whether the challenged action creates a "direct and immediate" dilemma for the parties, such that the lack of pre-enforcement review will put the plaintiffs to costly choices. See Abbott Labs., 387 U.S. at 152, 87 S.Ct. 1507; W.R. Grace & Co. v. EPA, 959 F.2d 360, 364 (1st Cir.1992).

In the case at bar, there is no direct and immediate dilemma for the parties. If this Court does not grant a Declaratory Judgment, the case will continue on as is. No complaint has been filed. The parties will continue discussions, or FARMERS will file another Complaint against their policyholder. Although Mr. Hopkins is contemplating litigation, no Complaint has been prepared. Frankly, Mr. Hopkins is more worried about his deteriorating health, than running to the courthouse to file. As to the Plaintiff, it seems like they have no direct and immediate costly choices that will be impacted by the Court's not making a declaratory judgment.

**C. <u>FARMERS Has Failed to Join a Necessary and Indispensable Party under FRCP 12(b)(7)</u>**

"Determining whether a party is necessary and indispensable under Rule 19 involves a three-step inquiry. EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir.2005) (citations omitted). First, under Rule 19(a), the court determines whether a party is "necessary." Id. If the court finds that the absent party is a necessary party, the court must then determine whether joinder of the party is feasible. Id." Wright v. Incline Village General Imp. Dist., 597 F.Supp.2d 1191, 1204 (D. Nev., 2009).

Alternative, if this Court determines that the "joinder is not feasible, the court determines whether the case can proceed without the absent party or whether the absent party is an "indispensable" party such that the court must dismiss the action. Id. "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir.1990)." Wright v. Incline Village General Imp. Dist., 597 F.Supp.2d 1191, 1204 (D. Nev., 2009).

Under Rule 19(a)(1)(B)(I) a party is necessary if the absentee "claims an interest relating to the subject of the action" and disposing of the action without joining the absent party would impair or

impede that party's ability to protect its interest. Fed. R.Civ.P.19(a)(1)(B)(I). And although Chrysler LLC has not claimed an interest in this litigation, they have not been put on notice by FARMERS. The failure of notice does not permit Chrysler LLC to protects its interests, whatever those interests may be.

"[N]o procedural principle is more deeply imbedded in common law than that, in an action to set aside a lease or contract, all parties who may be affected by the determination of the action are indispensable." Dawavendewa, 276 F.3d at 1156 (quoting Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir.1975)).

FARMERS specifically named Chrysler LLC and took it upon itself look in a curory way into 39.9 billion dollar bankruptcy of a major US corporation. Based upon its preliminary findings, and based upon ONE federal court case and no bankruptcy court information, FARMERS believes it has delved into the depths of Bankruptcy law and has determined that Chrystler LLC does not and will never owe Mr. Hopkins a penny for making a faulty vehicle. Clearly, complete releif cannot be given to FARMERS, when the rights and obligations of Chrystler LLC are so strongly implicated. Further, a judgment may well affect the interests of Chrysler LLC in the present action. The bankruptcy trustee may well have a set-aside for these particular type of injuries. If this Court were to make a determination that would impact the interests of Chrysler LLC without them being part of the action, it would result in an unjust outcome not only for Mr. Hopkins, but for Chrysler LLC as well.

Clearly, Chrysler LLC has not simply vanished into the firmament. The US Trustee for Chrysler, LLC is certainly an individual who may be reasonably joined. Further, it doesn't seem clear that FARMERS even attempted to join either Chrysler or their US Trustee. As FARMERS is requesting a declaratory judgment on behalf of Chrysler LLC and one fourth of its requests for relief are only for Chrysler (ignoring the prayer for Attorney's fees), it seems that it would not be reasonable to not go forward without bringing Chrysler LLC to the table.

///

///

///

**CONCLUSION**

FARMERS has asserted a simple policy argument and arguments for a party who has not been named in what is a very complicated case. FARMERS asks for an interpretation of an insurance policy so they can avoid the reality that their company's actions extinguished the rights of a very injured man who needs surgery and lives in constant pain. FARMERS is attempting to avoid their obligations because they breached a duty to their insured, a duty codified by statute and in common law. FARMERS asks this court to use broad strokes to turn a complicated contract dispute into a policy determination, that could adversely affect the rights and obligations of their very policy holder. Accordingly, for the reasons set forth above, this action should be dismissed with prejudice

Dated this 17th day of May, 2010.

Respectfully submitted;

LAW OFFICES OF ANDREW D. TAYLOR

ANDREW D. TAYLOR, ESQ.
3841 W. Charleston Blvd., Suite 201
Las Vegas, NV 89102
Attorney for Brad Hopkins

CERTIFICATE OF MAILING

I hereby certify that on the 17th day of May, 2010, I hereby mailed a copy of the foregoing DEFENDANT BRAD HOPKINS MOTION TO DISMISS COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF, by placing a copy in the United States Mail, postage fully paid, and addressed to the following:

JAMES R. OLSON, ESQ.
MAX CORRICK II, ESQ.
OLSON, CANNON, GORMLEY & DESRUISSEAUX
9950 W. Cheyenne Avenue
Las Vegas, NV 89129

Law Offices of Andrew D. Taylor

# Exhibit 1

*ACCIDENT TRIAL LAWYERS, LLC*

ATTORNEYS AT LAW

2801 WEST CHARLESTON BOULEVARD, SUITE 200

LAS VEGAS, NEVADA 89102

PHONE: (702) 258-3005

FACSIMILE: (702) 258-3457

January 14, 2009

***VIA FACSIMILE & REGULAR MAIL***

Drew Christmon
Farmers Insurance Company – Total Loss COE
P.O. Box 108815
Oklahoma City, OK 73101-8815

| Re: | Our Client/Your Insured: | Bradley Hopkins |
|---|---|---|
| | Claim No.: | 1013379981-1-1 |
| | Date of Accident: | January 6, 2009 |

Dear Mr. Christmon:

The purpose of this correspondence is to put Farmers Insurance Company on notice of a potential product-liability claim on behalf of Mr. Hopkins. As such, we expect Farmers Insurance Company to take all steps necessary to preserve evidence in this matter; namely, the 2002 Dodge Dakota pick-up involved in the above-referenced accident, VIN 1B7GL12X52S531109. We expect Farmers to ensure that the Hopkins vehicle is not damaged, destroyed or sold at auction during the pendency of this claim or any lawsuits that may be filed on Mr. Hopkins' behalf.

Additionally, this correspondence serves as confirmation of my paralegal, Bradley Peterson's conversation with you on this date during which you informed us that Mr. Hopkins' pick-up is currently being stored at Insurance Auto Auction, 1239 N. Boulder Highway, Henderson, Nevada, 89011; the stock number of the vehicle is 5067049.

If you have any questions regarding the above, please do not hesitate to contact me.

Very truly yours,

ACCIDENT TRIAL LAWYERS, LLC

Andrew D. Taylor, Esq.

ADT/bep

# Exhibit 2

FARMERS INSURANCE GROUP

FARMERS

... correspondence to:
Farmers National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389
Email: claimsdocuments@farmersinsurance.com

April 6, 2009

014560

Law Offices Of Andrew D
Taylor
2801 W Charleston Blvd Ste
200
Las Vegas, NV 89102-1965

01 01 014560 4R1W4K8D01 CD040FP1 01 014560

| RE: | Insured: | Brad Hopkins |
|---|---|---|
| | Claim Unit Number: | 1013379981-1-1 |
| | Policy Number: | 0179030476 |
| | Loss Date: | 01/06/2009 |

Dear Mr Peterson:

The vehicle is on hold at the salvage pool, and will remain on hold until the inspection is complete. It would be greatly appreciated if you could notify me when the inspection is complete and the process can move forward to completion. If you need any further assistance with this matter please let me know. I will be happy to assist you; I can be contacted at (800) 445-8055 x22576.

Farmers Insurance Company Of Oregon

Drew D Christmon
Auto Total Loss Specialist