## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF OREGON, an Oregon Corporation, <br><br>     Plaintiff, <br>     vs. <br><br>BRAD HOPKINS, a Nevada resident; DOES I through X, inclusive, and ROE CORPORATIONS 1 through 100, inclusive, <br><br>     Defendants. | Case No.: 2:10-cv-00067-GMN-PAL <br><br> **ORDER** |

### **INTRODUCTION**

Before the Court is Defendant Brad Hopkins' (Hopkins) Motion to Dismiss (ECF No. 6). Plaintiff Farmers Insurance Company of Oregon ("Farmers") filed its Response on June 2, 2010 (ECF No. 9). Defendant did not file a Reply.

### **FACTS AND BACKGROUND**

This is an action for declaratory relief brought by Plaintiff Farmers against Defendant Hopkins. Farmers is seeking judgment from the Court adjudicating and declaring that Farmers has fulfilled its contractual obligations to Defendant Hopkins and owes him no further contractual obligations, and that the bankruptcy of Chrysler LLC bars any potential claims for damages Defendant Hopkins may assert against Farmers.

Defendant Hopkins maintained an automobile insurance policy through Farmers that provided personal automobile coverage subject to its terms, conditions, limitations, definitions, exclusions, and restrictions. (Complaint ¶ VI, ECF No. 1). The limits of the policy were $50,000.00/100,000.00 for bodily injury, $50,000.00 for property damage and $50,000.00 for uninsured/underinsured motorist ("UM/UIM") coverage. (*Id.*) Defendant Hopkins' insured

vehicle was a Dodge Dakota pickup truck manufactured by Chrysler.

On January 6, 2009, Defendant Hopkins was involved in an automobile accident. (*Id.* at ¶ VII). Defendant Hopkins submitted a claim to Farmers pursuant to the UM/UIM provisions of his policy, and Farmers subsequently tendered the full amount of the UM/UIM coverage, $50,000.00. (*Id.*). Farmers also paid $10,493.90 to Defendant Hopkins under the policy's property damage coverage to compensate him for the "total loss" of his vehicle. (*Id.*). In exchange for this sum of $10,493.90, Farmers took full possession and ownership of the vehicle. (*Id.*).

Following Defendant Hopkins' acceptance of the $10,493.90 "total loss" payment, he sent a letter to Farmers on or around January 14, 2009, requesting Farmers maintain and not sell the vehicle. (*Id* at ¶ IX). Defendant Hopkins made this request because he was contemplating a products liability action against Chrysler in relation to his accident. (*Id.*). Farmers sent a letter in response on April 6, 2009 stating that the "vehicle is on hold at the salvage pool and will remain on hold until the inspection is complete." (*See* Defendant's Ex. 2, ECF No. 6). Defendant Hopkins' counsel retained an accident reconstructionist and biomedical expert to inspect the vehicle in preparation for a claim against Chrysler. (*See* Plaintiff's Ex. 1, ECF No. 9). On October 29, 2009, Defendant Hopkins' counsel confirmed that the vehicle had been sold at auction and that an attorney for Farmers gave approval for the sale. (*See id.*).

On December 7, 2009, Defendant Hopkins' counsel sent a demand letter to Farmers demanding compensation for Defendant Hopkins' loss. (*Id.*). Thereafter, Farmers filed the instant Complaint for Declaratory Judgment on January 19, 2010. (ECF No. 1). Defendant Hopkins moves to dismiss this Complaint pursuant to Fed. R. Civ. P. Rule 12(h)(3) and Rule 12(b)(7) because the claim is not ripe and Farmers failed to join a necessary party.

/ / /

# DISCUSSION

## A.  Declaratory Judgment Act

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act was designed to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never. The Act permits parties so situated to forestall the accrual of potential damages by suing for a declaratory judgment, once the adverse positions have crystallized and the conflict of interests is real and immediate." *Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 943 (9th Cir.1981).

The party seeking declaratory relief must show an actual controversy regarding a matter within federal court subject matter jurisdiction.[1] *See Calderon v. Ashmus*, 523 U.S. 740, 745, 118 S.Ct. 1694, 1698 (1998). The existence of an "actual controversy" is the same as a case being ripe for adjudication. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941); *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464 (1937) ("A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . It must be a real and substantial controversy admitting of specific relief through a

---

[1] The parties do not dispute that this court has subject matter jurisdiction over the case because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.").

The facts of this case present a judiciable controversy suitable for determination in a suit for declaratory relief. Defendant Hopkins' December 2, 2009 letter to Farmers presents a real threat of impending litigation. The letter lays out potential causes of actions and demands a settlement payment from Farmers. Defendant Hopkins alleges that Farmers committed tortuous breach of contract by violating the duty of good faith and fair dealing, negligent spoliation of evidence and breach of fiduciary duty. The letter advises that if the parties were unable to settle Defendant Hopkins would be filing a lawsuit. The adverse positions are clear and the conflict of interests is real and immediate.

Defendant Hopkins argues that there are many factual issues in dispute such that the issues of law cannot be determined at this time. "That the dispute turns upon questions of fact does not withdraw it . . . from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences." *Aetna Life Ins. Co.*, 300 U.S. at 242, 57 S.Ct. 461 at 465. Thus, the Court finds that there is a judiciable case or controversy and as such Defendant Hopkins' Motion to Dismiss must be denied.

**B.     Failure to Join a Necessary and Indispensible Party**

Defendant Hopkins argues that Chrysler is a necessary party that should be joined to this suit and without Chrysler this suit should be dismissed. A person must be joined as a party if (1) in that person's absence, the court cannot accord complete relief among existing parties or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. of Civ. P. Rule

19(a).

The Court finds that it can accord complete relief among the existing parties.  Chrysler is not a party to the subject insurance policy and thus complete relief can be given to Farmers without Chrysler's participation.  Further, Farmers is asking the Court to rule as a matter of law whether or not damages claims against Farmers are barred by Chrysler's bankruptcy.  Chrysler's participation would not implicate the Court's interpretation of case law to bar a damages claim against Farmers.

Plaintiff argues that Chrysler has a protectable interest in this suit that would be impaired if it were not joined.  Chrysler never claimed an interest in this case.  "Joinder is 'contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.'" *U.S. v. Bowen*, 172 F.3d 682 (9th Cir. 1999).  Therefore it is unnecessary to add Chrysler as a necessary party under Rule 19.

Even if the Court were to determine that Chrysler was a necessary party, it does not result in an automatic dismissal of this action.  Dismissal would only be proper if joinder were not feasible.  In this case joinder would be feasible because adding the US Trustee for Chrysler, LLC or Old Chrysler would not defeat diversity jurisdiction and the Court would retain subject matter jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Brad Hopkins' Motion to Dismiss (ECF No. 6) is **DENIED**.

DATED this 3rd day of May, 2011.

_____
Gloria M. Navarro
United States District Judge