JAMES R. OLSON, ESQ. (SBN 116)
MAX E. CORRICK, II ESQ. (SBN 6609)
MATTHEW C. WOLF, ESQ. (SBN 10801)
OLSON, CANNON, GORMLEY & DESRUISSEAUX
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012
jolson@ocgd.com
mcorrick@ocgd.com

Attorneys for Plaintiff
FARMERS INSURANCE COMPANY
OF OREGON

## UNITED STATES DISTRICT COURT OF NEVADA

* * * *

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF OREGON, an Oregon corporation<br><br>Plaintiff,<br><br>vs.<br><br>BRAD HOPKINS, a Nevada resident; DOES I through X, inclusive; and ROE CORPORATIONS 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:10-CV-00067-RCJ-PAL<br><br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

On February 15, 2012, Plaintiff Farmers Insurance Company of Oregon ("Farmers") filed a motion for default judgment. *See* Doc. # 12. Defendant Brad Hopkins did not oppose. This Court, having considered the pleadings and papers on file, hereby GRANTS the motion and enters default judgment in favor of Farmer's as set forth below.

I.    **FACTS**

01.    On 01/19/2010, Farmers filed a complaint against defendant Brad Hopkins seeking declaratory judgment with respect to a personal automobile policy (policy #0179030476) that Farmers issued to Mr. Hopkins (hereinafter, the Policy). The Policy's period was August 15, 2008 to February 15, 2009. The Policy provided personal automobile coverage to Mr. Hopkins subject to the Policy's terms, conditions, limitations, definitions, exclusions, and restrictions. The limits of the Policy were $50,000/100,000 for bodily injury, $50,000 for property damage, and $50,000 for uninsured/underinsured motorist ("UM/UIM") coverage.

02.     Mr. Hopkins was served on April 7, 2010.  *See* Doc. # 5 at pg. 2.

03.     On May 17, 2010, Mr. Hopkins moved to dismiss Farmer's complaint.  *See* Doc. # 6.

04.     Mr. Hopkin's motion to dismiss was denied on May 3, 2011.  *See* Doc. # 6 (termination date noted).

05.     Since the denial of his motion to dismiss, Mr. Hopkins has not answered Farmer's complaint.

06.     On February 13, 2012, Farmer's faxed to Mr. Hopkins' counsel a correspondence requesting that Mr. Hopkins file an answer by 9 a.m. on February 15, 2012.  *See* Exhibit A to Farmer's Motion.  Mr. Hopkins did not answer or respond.

## II.     LEGAL FINDINGS

FRCP 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Pursuant to Rule 55(a), Farmers has satisfactorily demonstrated Mr. Hopkins failed to answer and defend this lawsuit.

## III.    CONCLUSION

Pursuant to FRCP 55, this Court hereby GRANTS Farmer's motion and hereby directs the clerk to enters default judgment in favor of Farmer's.  As requested in Farmer's motion, this Court hereby orders, adjudicates, and decrees that 1) Farmers has fulfilled its obligations to Mr. Hopkins under the Policy; 2) Farmers owes no further contractual obligations to Mr. Hopkins arising out of the Policy; 3) the Chrysler bankruptcy bars any claim for damages Mr. Hopkins may assert related to the preservation of the subject vehicle; and 4) any contractual obligations owed by Farmers to Mr. Hopkins, if any, are not based upon the insurer-insured relationship created by the Policy.

## ORDER

**IT IS SO ORDERED** this 11th day of September, 2012.

Gloria M. Navarro
United States District Judge

OLSON, CANNON, GORMLEY & DESRUISSEAUX
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
(702) 384-4012   Telecopier (702) 383-0701

*Respectfully Submitted By:*

OLSON, CANNON
GORMLEY & DESRUISSEAUX

By:_____
JAMES R. OLSON, ESQ.
Nevada Bar No. 000116
MAX E. CORRICK, II
Nevada Bar No. 006609
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
jolson@ocgd.com
mcorrick@ocgd.com
Attorneys for Plaintiff
FARMERS INSURANCE COMPANY
OF OREGON